UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID JEAN STOUT SR., <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No. C13-1719 JLR-BAT <br><br> **REPORT AND RECOMMENDATION** |

David J. Stout is a *pro se* plaintiff who seeks review of the ALJ's written decision[2] denying his application for supplemental security income and finding him not disabled. Dkts. 1; 19. Mr. Stout contends the ALJ erred in rejecting his claim that he is unable to work due to numerous limitations including pain, physical mobility, and educational problems. *Id.* The Commissioner concedes the ALJ erred but contends the case should be remanded for further administrative proceedings, rather than an award of benefits. For the following reasons, the Court recommends the Commissioner's final decision be **REVERSED** and that the case be

/

---

[1] The Complaint originally named the Office of Disability Adjudication and Review as defendant. The Court subsequently granted the Commissioner's motion to substitute Carolyn Colvin as the proper defendant to this action. Dkt. 18.
[2] The Commissioner agrees that the ALJ's written decision is her final decision.

REPORT AND RECOMMENDATION - 1

**REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C § 405(g).

## BACKGROUND

The procedural history of this case is not in dispute and need not be detailed. Utilizing the five-step disability evaluation process, the ALJ found Mr. Stout last worked in July 2009; right knee degenerative joint disease, degenerative disc disease of the cervical and lumbar spines, obesity, depression and drug abuse were severe impairments; and that these impairments did not meet the requirements of the Listings. The ALJ concluded Mr. Stout had the RFC to perform medium work subject to certain additional limitations, and that based on this RFC could perform jobs that exist in significant numbers in the national economy. Tr. 19-23.

Mr. Stout contends the ALJ erred in finding him not disabled. His opening brief does not articulate the specific issues he wishes the Court to resolve but because it is a *pro se* pleading, the Court construes the brief liberally. *See e.g. Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (*pro se* prisoner pleadings should be liberally construed). In his opening brief, Mr. Stout contends that "constant daily pain has left [him] unable to work," that "the deterioration of his knee and back has made it impossible for him to work," that standing and walking aggravates his pain; and that his third grade reading and spelling skills make it difficult to obtain work. *See* Dkt. 19. In essence, Mr. Stout's opening brief argues the ALJ erred by improperly discounting his testimony about the severity of his limitations. Dkts. 1; 19.

The Commissioner presents no argument that the ALJ properly evaluated Mr. Stout's testimony, Dkt. 23, and concedes that the ALJ erred in several additional ways not mentioned by Mr. Stout: (1) The ALJ erred by failing to obtain a vocational expert ("VE") at step five to determine whether there was work Mr. Stout could perform that existed in significant numbers in

REPORT AND RECOMMENDATION - 2

the national economy because Mr. Stout's non-exertional limitations significantly eroded the occupational base for "medium work," and (2) the evidence of record shows Mr. Stout has substance abuse issues and the ALJ erred in failing to apply the analysis required by *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). *Id.* at 4-6. The Commissioner contends because there are unresolved matters that need to addressed, the Court should remand this matter for further proceedings rather than for an award of benefits. The Court agrees and for the reasons below, recommends the matter be remanded for further proceedings.

## DISCUSSION

**A.    The ALJ erred in failing to obtain the testimony of a VE at step five**

The ALJ did not call a VE and instead found,[3] relying in part on SSR 85-15, that Mr. Stout was not disabled under the Medical Vocational Guidelines ("Grids") because his non-exertional limitations did not significantly erode the occupational base of jobs set out in the Grids. The Commissioner concedes the ALJ erred in finding that under the Grids Mr. Stout could perform "medium work" because the Grids did not account for Mr. Stout's non-exertional limitations to "perform short, simple, one or two-step simple, routine tasks involving non-collaborative tasks and no more than brief, infrequent superficial interaction with the public." Dkt. 23 at 4. Thus, Mr. Stout's non-exertional limitations significantly eroded the occupational base for "medium work," and VE testimony was required.[4] *Id.* at 5.

The Commissioner also concedes the ALJ's reliance on SSR 85-15 was misguided. Under the regulation, the Grids may be used as a framework to determine disability only where the claimant has "solely non-exertional limitations." Here, however, Mr. Stout had both exertional

---

[3] *See* Tr. 33-37.
[4] The Grids may only be used where they "completely and accurately represent a claimant's limitations." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).

REPORT AND RECOMMENDATION - 3

and non-exertional limitations rendering the ruling inapplicable.  *Id.*  Based on the record in this case, the Court thus agrees the ALJ erred in finding Mr. Stout not disabled based on the Grids, and that further administrative proceedings are necessary to obtain VE testimony to determine whether there are jobs Mr. Stout could perform that exist in significant numbers in the national economy in view of his limitations.

**B.     The ALJ misevaluated Mr. Stout's substance abuse issues**

The Commissioner also concedes that there was ample evidence of substance abuse in the record, *see* Tr. 539, 540, 600, 616, and that the ALJ therefore erred in failing to: (1) determine whether Mr. Stout was under a disability, taking into consideration all impairments including substance abuse under 20 C.F.R. §416.920; and (2) determine whether substance abuse was material if Mr. Stout was found disabled.  20 C.F.R. §416.935 and SSR 13-2p.  The Court agrees.

Where drug abuse is implicated in a disability proceeding, an ALJ must assess a claimant's disability claim utilizing the analysis set forth in *Bustamante v. Massanari*, 262 F.3d at 955.  The ALJ, here, failed to do so.  The ALJ found "drug abuse" was a severe impairment at step two, Tr. 20, but improperly evaluated Mr. Stout's substance abuse during the initial five-step inquiry.  In fact, instead of applying a *Bustamonte* analysis, the ALJ stated at step two, "an extended analysis under 20 C.F.R. 404.1535 would serve no purpose, as the claimant is not disabled with or without consideration of substance abuse.  Moreover, even assuming he were to be found to be disabled with his drug abuse as a component, he could not be found to be disabled for purposes of Social Security."  Tr. 20. n. 1.  The ALJ further relied on Mr. Stout's "inconsistent" reporting regarding drug use to discount his credibility and any medical opinion that was based on his testimony.  Tr. 26, 29, 32, 33.  In essence, the ALJ erroneously evaluated the effect of Mr. Stout's substance abuse in the initial five-step sequential evaluation, and thus

REPORT AND RECOMMENDATION - 4

committed harmful error.  Accordingly, the matter should be remanded for further proceedings with direction that the ALJ complete the initial five-step sequential evaluation without separating out the impact of substance abuse as required by *Bustamante*.[5]  If the ALJ finds that Mr. Stout is disabled under the five-step inquiry, the ALJ should then evaluate whether Mr. Stout would still be disabled absent drug abuse.  *See Bustamante*, 262 F.3d at 955.

**C.     Credibility of Mr. Stout and evaluation of the medical evidence**

As noted above, the Court construes Mr. Stout's opening brief as arguing the ALJ erred in discounting his testimony about the severity of his limitations. Because the Commissioner has presented nothing in opposition to Mr. Stout's argument, and because the ALJ must perform a completely new evaluation of the entire record pursuant to *Bustamante,* the ALJ should, as part of that evaluation, reassess Mr. Stout's credibility and the medical evidence.

**D.     Scope of remand**

There is no dispute the ALJ erred and that the Commissioner's final decision in this case cannot stand.  Where the ALJ has committed reversible error, the Court has the discretion to remand for further proceedings or to award benefits.  *See Marcia v. Sullivan,* 900 F.2d 172, 176 (9th Cir. 1990).  The Court may remand for an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari,* 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996)).  If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded for further proceedings.  *McCartey,* 298

---

[5] The Commissioner's position that the ALJ's misevaluation of substance abuse concedes, by implication, that there may be a basis to find that Mr. Stout is disabled based on the evidence of record regarding substance abuse, because otherwise, remanding the case to address the issue would be moot.  Dkt. 23.

REPORT AND RECOMMENDATION - 5

F.3d at 1076. This is the case here. The ALJ failed to follow the requirements set forth in *Bustamante* which requires a particular type of sequential analysis. That analysis was never done and the Court cannot in the first instance make determinations that should have been made by the Commissioner in the proceedings below. Additionally, because the ALJ failed to call a VE to determine whether there were jobs Mr. Stout could perform, the Court has no evidence of record to determine whether there are jobs in the national economy that Mr. Stout could perform. As that evidence is yet to be developed, remand for further proceedings is appropriate. Accordingly, the Court recommends the matter be remanded for further administrative proceedings.

## CONCLUSION

For the foregoing reasons, the Court recommends **REMANDING** the Commissioner's final decision for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate Mr. Stout's application for benefits applying the analysis required by *Bustamante*. The ALJ shall also reevaluate the medical evidence, Mr. Stout's testimony and develop the record as needed. At step five, the ALJ shall call a vocational expert. Finally, **Mr. Stout shall be advised of his right to be represented by a lawyer** as set forth in HALLEX 1-2-6-52.

A proposed order accompanies this Report and Recommendation. Objections to this Report and Recommendation must be filed no later than **April 22, 2014**. If no objections are filed, the Clerk should note the matter for **April 25, 2014**, as ready for the District Judge's consideration. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.

Objections and responses shall not exceed five (5) pages. Failure to timely object may

1  affect the right to appeal.

2      DATED this 8th day of April, 2014.

                                            BRIAN A. TSUCHIDA
                                            United States Magistrate Judge

REPORT AND RECOMMENDATION - 7